Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Rudy Garcia*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUDY GARCIA**<br>**Plaintiff,**<br>v.<br>**A-CHECK AMERICA, INC.**<br>**Defendant.** | **CIVIL ACTION NO. 5:16-CV-2241**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Rudy Garcia, against Defendant A-Check America, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Rudy Garcia is an adult individual residing in Los Angeles, CA, 90046.

5. Defendant A-Check America, Inc., (A-Check) is a consumer reporting agency that regularly conducts business in the Central District of California and which has its headquarters and a principal place of business located at 1501 Research Park Drive, Riverside, CA, 91204.

## FACTUAL ALLEGATIONS

6. In or around September 2016, Plaintiff applied for a position with KForce Inc., ("KForce").

7. As part of his job application, Plaintiff signed a document purportedly authorizing KForce to obtain a consumer report for employment purposes.

8. KForce requested a consumer report from A-Check, and A-Check sold to KForce a consumer report concerning the Plaintiff on or around September 23, 2016.

9. The report furnished by A-Check was for employment purposes.

10. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with KForce.

11. Defendant A-Check has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12. The inaccurate information includes, but is not limited to, a criminal offense record. This record appears on the consumer report A-Check sold about Plaintiff to KForce as follows: "MISDEMEANOR TRESPASSING ON REAL

PROPERTY WITHOUT CONSENT/MISDEMEANOR TRESPASSING ON REAL PROPERTY WITHOUT CONSENT/ MISDEMEANOR UNLAWFUL POSSESSION OF OPIUM PIPE OR PARAPHERNALIA."

13. The inaccurate information grossly disparages the Plaintiff and portrays him as a criminal and drug addict, which he is not. There is perhaps no greater error that a consumer reporting agency can make. The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information including the incorrect name variations Melissa Melton and Rudy R. Garcia.

14. The derogatory inaccuracies appear to be caused by the Defendant mixing Plaintiff, Rudy Garcia consumer report with that of at least one other consumer. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

15. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a different name and social security number, within Plaintiff's consumer report.

16. Plaintiff received no notification from A-Check that public record information had been reported about him, and A-Check did not notify Plaintiff of the name and address of the person to whom such information was reported.

17. Upon information, the Plaintiff alleges that A-Check never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about him, as required by 15 U.S.C § 1681k(a)(2).

18. Additionally, A-Check does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2) and Cal. Civ. Code § 1785.18(b). If A-Check had maintained such procedures it would not have falsely reported criminal information belonging to a stranger on Plaintiff's consumer report.

19. Plaintiff was subsequently denied or delayed employment at KForce and Plaintiff was informed by KForce that the basis for this delay was the inaccurate criminal information that appears on Plaintiff's A-Check consumer report and that the inaccurate information was a substantial factor for the delay.

20. Here, KForce used the A-Check report in its determination about Plaintiff's eligibility for employment and on or around September 23, 2016, A-Check deemed that the Plaintiff was "INELIGIBLE" for his desired positon.

21. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost or delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

4
COMPLAINT

25. At all times pertinent hereto, A-Check was a "person" and a "consumer reporting agency" and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively.

26. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, A-Check is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681k(a).

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **COUNT II – VIOLATIONS OF THE CCRAA**

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. A-Check is a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

32. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

33. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

34. Pursuant to Cal. Civ. Code § 1785.31, A-Check is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code §§ 1785.14(b) and 1785.18(b).

35. The conduct of A-Check was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, A-Check is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**TATAR LAW FIRM, APC**

BY: _____
Stephanie Tatar
Attorney for Plaintiff

DATE: October 26, 2016